UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



United States of America,

–v–

Ronald Bolanos,

Defendant.

17-cr-339 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Ronald Bolanos moves for compassionate release pursuant to 18 U.S.C. § 3582(c).  Mr.

Bolanos is fifty years old and suffers from medical conditions that increase his risk of serious

illness or death from COVID-19.  For the reasons that follow, the Court GRANTS Mr. Bolanos'

motion for compassionate release.

I.      Background

        A.      Underlying Offenses and Incarceration

        In May 2017, the Government charged Mr. Bolanos and eight codefendants for their roles

in a drug trafficking conspiracy.  Dkt. No. 1.  The conspiracy involved the distribution of heroin,

powder cocaine, crack, and fentanyl in and around Rockland County from 2012 to 2017.

Presentence Report ¶ 13.  However, Mr. Bolanos' role was limited to supplying crack to other

members of the conspiracy during a shorter period of time.  *See* Sentencing Tr., Dkt. No. 203, at

7–8, 18.  He sold approximately 20 grams of crack per week, totaling approximately 300 grams

over the course of the conspiracy.  Presentence Report ¶¶ 15, 19.  Mr. Bolanos pled guilty to one

count of conspiracy to distribute crack pursuant to a plea agreement.  *See* Dkt. No. 147.  The

Court sentenced him to 80 months' imprisonment, below the Sentencing Guidelines range of 130 to 161 months.  Sentencing Tr. at 16–20.

Mr. Bolanos is currently incarcerated at FCI Schuylkill.  His projected release date is February 12, 2022, and he is eligible for home confinement on August 12, 2021.  Bolanos Supp. Br., Dkt. No. 307, Ex. A.  Mr. Bolanos submitted a compassionate release request to the warden of FCI Schuylkill on May 26, 2020, seeking a reduction of his sentence to time served in light of the COVD-19 pandemic.  Bolanos Pro Se Br., Dkt. No. 302, Ex. A.  The warden denied his request.  Gov. Br., Dkt. No. 309, Ex. A.  He then filed a pro se motion with this Court seeking compassionate release on July 22, 2020.  *See* Dkt. No. 302.  The Court appointed counsel to represent Mr. Bolanos, and Mr. Bolanos filed a counseled supplement to his motion.  *See* Dkt. No. 303; Dkt. No. 307.  The Government opposes the motion.

## II.     Discussion

The compassionate release statute provides a limited exception to the rule that "[f]ederal courts are forbidden,  as a general matter, to 'modify a term of imprisonment once it has been imposed,'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The First Step Act of 2018, 132 Stat. 5194, 5239, authorizes a defendant serving their sentence to move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden.  *United States v.*

*Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

The Government concedes that Mr. Bolanos has exhausted his administrative remedies. *See* Gov. Br. at 1.  This Court has previously held that the exhaustion requirement in § 3582(c)(1)(A) is a "claim-processing rule" that is "subject to equitable considerations." *Scparta*, 2020 WL 1910481, at *5 (quoting *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 443 (2d Cir. 2006)).  It follows that the exhaustion requirement is subject to waiver or forfeiture. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (holding that even objections based on mandatory claim-processing rules "may be forfeited 'if the party asserting the rule waits too long to raise the point'" (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam))).  The Court therefore finds that the Government has waived any objection based on the First Step Act's exhaustion requirement.  Moreover, even absent waiver, the Court would conclude that Mr. Bolanos satisfied the exhaustion requirement because more than thirty days had lapsed between his administrative request for compassionate release and the filing of his motion in this Court.  *See* Bolanos Br, Ex. A.

To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and find that "extraordinary and compelling reasons warrant" a reduction in sentence and that release would be consistent with the Sentencing Commission's policy statements.  The Court finds that these criteria are met.

The Court begins by considering the factors set forth in 18 U.S.C. § 3553(a).  Because this Court sentenced Mr. Bolanos, the Court is intimately familiar with how these factors apply to his circumstances.  Mr. Bolanos was responsible for distributing approximately 300 grams of crack.  As the Court noted at Mr. Bolanos's sentencing, Mr. Bolanos' offense was serious, and

3

he had a significant prior criminal history.  Sentencing Tr. at 18.  The Court also noted, however, that Mr. Bolanos' culpability in the conspiracy was significantly less than that of his co-defendants.  *Id.*  Neither this offense nor any of Mr. Bolanos' prior offenses involved violence.  Mr. Bolanos accepted responsibility for his conduct, obtained employment during his incarceration, and demonstrated commitment to addressing his underlying problems with substance abuse.  *Id.* at 19.

Mr. Bolanos has maintained an excellent record during his incarceration.  He has not been cited for a single disciplinary infraction.  *See* Bolanos Supp. Br., Ex. C.  He has taken a number of self-improvement courses, continued his employment in food service, and participated in a drug treatment program.  Bolanos Supp. Br., Ex. D, Ex. G.  Mr. Bolanos' record in prison suggests that he is indeed "on a path to rehabilitation."  Sentencing Tr. at 19.

The Court's 80-month sentence reflected the seriousness of Mr. Bolanos' offense and was, at the time, sufficient but no greater than necessary to achieve the purposes of sentencing.  However, the Court's analysis is different under current circumstances.  Mr. Bolanos has already served about half of his effective sentence.  The time he has served has already achieved much of the original sentence's purpose.  Due to the COVID-19 pandemic, the "history and characteristics of the defendant," and the "need . . . to provide the defendant with needed . . . medical care," § 3553(a), now weigh in favor of Mr. Bolanos' release, given the health risk that continued incarceration poses to him.  The Court has reconsidered the § 3553(a) factors, and concludes that they entitle Mr. Bolanos to compassionate release.

The Court next considers whether "extraordinary and compelling reasons warrant such a reduction [in sentence] . . . and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  "Congress

tasked the Sentencing Commission with identifying the circumstances that are sufficiently

extraordinary and compelling to justify a reduction in sentence."  *United States v. Butler*, No. 19-

cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020).  The applicable policy

statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and

compelling reasons" and thus warrant a sentence reduction.  One such circumstance exists where

the defendant is "suffering from a serious physical or medical condition . . . that substantially

diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover."  U.S.S.G.

§ 1B1.13(1)(A) & cmt. n.1(A).  The policy statement also requires that the defendant not pose "a

danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

As this Court has explained, the COVID-19 pandemic presents an extraordinary and

unprecedented threat to incarcerated individuals.  *See, e.g.*, *United States v. Williams-Bethea*, No.

18-cr-78 (AJN), 2020 WL 2848098, at *4 (S.D.N.Y. June 2, 2020); *Scparta*, 2020 WL 1910481,

at *9; *United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar.

19, 2020); *accord United States v. Nkanga*, No. 18-cr-713 (JMF), 2020 WL 1529535, at *1

(S.D.N.Y. Mar. 31, 2020) ("The country faces unprecedented challenges from the novel

Coronavirus ('COVID-19') pandemic.  Those detained in jails and prisons face particularly

grave danger.").  The Bureau of Prisons reports only one confirmed COVID-19 case at FCI

Schuylkill.  *See* Federal Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last

visited Sept. 14, 2020).  However, this Court has previously found that even where a facility has

not yet reported any confirmed COVID-19 cases, carceral conditions pose unique risks to

vulnerable inmates because of the potential for the rapid introduction and spread of the disease. *See Williams-Bethea*, 2020 WL 2848098, at *5.

Mr. Bolanos is particularly vulnerable to severe illness from COVID-19. Mr. Bolanos is fifty years old. He suffers from obesity and hypertension—two conditions that the CDC has recognized as known or likely to result in increased risk of severe illness from COVID-19. Bolanos Supp. Br., Ex. B; Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe COVID-19 Illness (Aug. 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The Government agrees that these conditions constitute a "serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." Gov. Br. at 5 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)). Considering Mr. Bolanos' age and underlying medical conditions, the Court finds that the COVID-19 pandemic amounts to an extraordinary and compelling circumstance in his case.

The Court also finds that Mr. Bolanos does not pose a danger to the safety of any other person or the community. The Court observed at sentencing that Mr. Bolanos is "not a dangerous person" and that he has not "committed acts of violence." Sentencing Tr. at 19. To be sure, crack cocaine is a dangerous drug and the distribution of crack cocaine poses a danger to the community. However, several factors cause the Court to conclude that Mr. Bolanos would be unlikely to become involved in drug distribution again upon release. Mr. Bolanos has maintained a spotless disciplinary record while incarcerated and has participated in a drug treatment program. Bolanos Supp. Br., Ex. C, Ex. D. Mr. Bolanos also states that, if released,

he will return to a stable home environment and that he has an offer of employment. Bolanos Supp. Br., Ex. F, Ex. G. Considering these factors, the Court concludes that he does not pose a danger to the community.

The Government concedes that Mr. Bolanos has established an extraordinary and compelling reason for compassionate release in light of his increased risk for serious illness from COVID-19. Gov. Br. at 1, 4–5. However, the Government argues that the factors set forth in 18 U.S.C. § 3553(a) do not favor a reduction in sentence, principally because of Mr. Bolanos' extensive criminal history. The Court disagrees with the Government's analysis of the § 3553(a) factors. Although Mr. Bolanos has sixteen prior criminal convictions, none were for violent offenses. Most were for very minor offenses, like disorderly conduct, possession of stolen property, or criminal trespass that did not result in any criminal history points for purposes of the Sentencing Guidelines range calculation. *See* Presentence Report ¶¶ 35–50. Both the Court at the time of sentencing and the Probation Office acknowledged that Mr. Bolanos' offenses were largely driven by his problems with substance abuse. *See* Presentence Report ¶¶ 74–76, 103; Sentencing Tr. at 19–20. Mr. Bolanos's record during his incarceration suggests that he has taken meaningful steps to address those problems.

Mr. Bolanos has established extraordinary and compelling circumstances supporting compassionate release. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that reducing his sentence would be consistent with the applicable policy statements in the Sentencing Guidelines. The Court will exercise its discretion to do so.

### III.   Conclusion

For the foregoing reasons, the Court GRANTS Mr. Bolanos' motion for compassionate

release.  The Court resentences Mr. Bolanos to time served plus forty-eight months of supervised release under the conditions in the original judgment.  The mandatory conditions, standard conditions, and special conditions of supervised release from Mr. Bolanos' original sentence are hereby imposed.  The Court also imposes an additional condition of supervised release: Mr. Bolanos is ordered to serve twelve months of the remaining portion of his original term of imprisonment under home detention.

The Government is ORDERED to release Mr. Bolanos (BOP Reg. No. 79230-054) from custody immediately.  It is FURTHER ORDERED that the parties shall meet and confer and submit a proposed order governing the conditions of the Mr. Bolanos' release, including his period of fourteen days of self-isolation, no later than September 18, 2020.

SO ORDERED.


Dated: September 17, 2020
       New York, New York            _____
                                          ALISON J. NATHAN
                                       United States District Judge